IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KANDRA HILLARD,                              )
                                             )
                         Plaintiff,          )
                                             ) Civil Action No.: 09 C 2017
            v.                               )
                                             )
CITY OF CHICAGO, ILLINOIS,                   ) Suzanne B. Conlon, Judge
and CHICAGO POLICE OFFICERS                  )
R.L. SCOTT, Star No. 11643, and              )
D. BROWN, Star No. 10270                     )
                                             )
                         Defendants.         )

## MEMORANDUM OPINION AND ORDER

Kandra Hillard sues the City of Chicago and police officers R.L. Scott and D. Brown under 42 U.S.C. § 1983 for false arrest (Count I) and unlawful search (Count II). The following background is derived from Hillard's complaint, as well as the parties' trial briefs and final pretrial order.

Hillard alleges she was at a friend's residence in Chicago on April 10, 2007 when the defendant officers entered without a warrant. With their weapons drawn, the officers ordered the individuals inside the residence to get on the ground. Hillard states the officers did not find illegal drugs in her possession or in the residence, but that they claimed to have found cocaine when searching another individual present in the residence. After telling Hillard they would find a way for her to be sent to prison, the officers placed Hillard under arrest for possession of controlled substances. The charge was later dismissed by a Cook County judge after a finding of "no probable cause" at Hillard's preliminary hearing.

Defendants claim probable cause existed for Hillard's arrest because she was, in fact, in possession of cocaine. Any search was incident to her arrest, and therefore permissible. They contend the existence of probable cause is fatal to Hillard's claims. Defendants also assert entitlement to qualified immunity.

## I. Legal Standard

Evidence should be excluded *in limine* only where it is clearly inadmissible for any purpose. *Wells v. Berger, Newmark & Fenchel, P.C.*, No. 07 C 3061, 2008 WL 4365972, at *1 (N.D. Ill. Mar. 18, 2008) (Conlon, J.). Unless this high standard is met, evidentiary rulings must be deferred until trial so that issues of foundation, relevance, and prejudice may be resolved in proper context. *Id.* The moving party bears the burden of establishing that the evidence is not admissible for any purpose. *Id.* Denial of a motion *in limine* does not mean that all evidence contemplated by the motion is admissible; it simply means the court cannot or should not determine whether the evidence should be excluded outside of the trial context. *Id.*

## II. Plaintiff's Motions *in Limine*

Hillard's first motion *in limine* seeks to bar the defendant officers from claiming an inability to pay as a defense to punitive damages. She claims, without record support, that defendants refused to produce financial information during discovery. Defendants dispute Hillard's allegation, noting that she never sought discovery about their financial condition. Defendants attach Hillard's discovery requests to their response; Hillard sought copies of insurance policies that might cover the officers' liability, but none of the discovery requests pertain to the officers' finances. *See* Ex. A to Dkt. 57. Defendants who are unable to pay a large punitive damages award are entitled to point this out to the jury. *Kemezy v. Peters*, 79 F.3d 33,

2

36 (7th Cir. 1996). Hillard has not met her burden of establishing that evidence of defendants' ability to pay is clearly inadmissible. This motion is denied.

Hillard's second motion *in limine* seeks to bar evidence of street gang affiliations or tattoos as irrelevant under Rule 402, prejudicial under Rule 403, and improper character evidence under Rule 404(b). Because she fails to specify the evidence the court should exclude, the motion must be denied. Even so, defendants indicate they have no intention of eliciting testimony concerning Hillard's tattoos or possible gang affiliation.[1] To that extent, Hillard's motion is moot. However, as defendants point out, it is unclear from Hillard's cursory motion whether she is seeking to exclude all references to street gangs. On the date of Hillard's arrest, the defendant officers arrived on scene because of "citizens complaints [*sic*] that members of the B.D.s street gang were selling narcotics." Ex. A to Def. Resp. to Motion *in Limine* #1 (arrest report). This evidence may be relevant both to explain the officers' presence at the location, and as a basis for probable cause. *See Wilson v. Groaning*, 25 F.3d 581, 584 (7th Cir. 1994) (evidence relevant if exclusion would leave a chronological and conceptual void in the story); *Richardson v. Bonds*, 860 F.2d 1427, 1430 (7th Cir. 1982) (officer's knowledge of facts sufficient to constitute probable cause is central to determining the propriety of an arrest). Hillard's motion fails to establish that this evidence is clearly inadmissible for all purposes.

Hillard's third motion *in limine* asks the court to bar evidence regarding an alleged conversation between Hillard and others relating to controlled substances. The arrest report prepared by defendant officers indicates that upon their arrival at the residence, they overheard

---

[1] In the final pretrial order, Hillard indicates she will seek the redaction of "Marks: Tattoo Killa on Neck" from the arrest report offered as a joint exhibit. The record does not show that this tattoo is associated with a gang.

3

several subjects (one of them Hillard) arguing "over 10 bags of rocks being sold, and only money [*sic*] accounted for 2 bags of rocks." Ex. A to Def. Resp. to Motion *in Limine* #1 (arrest report). While exiting the residence, the subjects continued arguing over a plastic bag in Hillard's hand. *Id.* At this point, the officers announced their presence and detained the subjects. *Id.* Hillard contends this conversation is improper hearsay inadmissible under Rule 802. The argument is meritless. The lawfulness of Hillard's arrest is the central issue in the trial. The statements overheard by the officers are proffered not for their truth, but for their effect on the officers' probable cause determination; therefore, the overheard statements of Hillard or others in her presence are not hearsay. *Woods v. City of Chicago*, 234 F.3d 979, 986-87 (7th Cir. 2000). The motion is denied.

Hillard's fourth motion *in limine* seeks to bar evidence of her criminal history. To the extent she moves to exclude arrests that did not result in convictions, the motion is moot because defendants state they have no intention of offering arrest evidence. However, Hillard also seeks to exclude her 2006 felony conviction for manufacturing/delivery of a controlled substance on the ground that its introduction would present substantial unfair prejudice. Prior felony convictions less than ten years old are admissible under Rule 609(a) to aid the jury in assessing witness credibility. The basis for Hillard's complaint is that she was not in possession of controlled substances at the time of her arrest, and defendants falsely charged her with that offense. *See* Final Pretrial Order at 12. As defendants note, the 2006 conviction has significant impeachment value on the issue of Hillard's credibility. Hillard claims introduction of the conviction will cause the jury to unfairly discredit her testimony, but "if that alone were enough to exclude a conviction, then no convictions would be admitted under Rule 609(a)(1)." *Coles v.*

4

*City of Chicago*, No. 02 C 9246, 2005 WL 1785326, at *3 (N.D. Ill. July 22, 2005) (Schenkier, M.J.) (citation omitted). Hillard has not shown the probative value of the conviction is substantially outweighed by the danger of unfair prejudice. Hillard's motion to exclude her felony conviction is denied.

## III. Defendants' Motions *in Limine*

Defendants' first motion *in limine* asks the court to preclude generalized evidence or argument regarding a "code of silence" or "blue wall," under which police officers cover for their colleagues. Hillard responds that evidence of a code of silence would be probative of the officers' bias, as well as the bias of any non-defendant officers who testify on their behalf. District courts often exclude *generalized* evidence of a code of silence, but permit plaintiffs to develop the theme that a code of silence existed among the particular officers involved in the events underlying the complaint. *See, e.g., Christmas v. City of Chicago*, No. 08 C 4675, 2010 WL 582654, at *5-6 (N.D. Ill. Feb. 11, 2010) (Manning, J.); *Caldwell v. City of Chicago*, No. 08 C 3067, 2010 380696, at *3 (N.D. Ill. Jan. 28, 2010) (Der-Yeghiayan, J.); *Moore v. City of Chicago*, No. 02 C 5130, 2008 WL 4549137, at *6 (N.D. Ill. Apr. 15, 2008) (Moran, J.). Hillard is entitled to explore the possibility that defense witnesses are biased because of loyalty to one another. Defendants' objection to a particular line of questioning shall be assessed in the context of trial. The motion is denied as overly broad and speculative.

In a similar vein, defendants' second motion *in limine* seeks to bar any argument or implication of a conspiracy. Defendants argue that Hillard did not allege a conspiracy claim under 42 U.S.C. § 1983, thus any mention of a "conspiracy" or "coverup" should be excluded under Rules 401, 402, and 403. Even absent a conspiracy claim, Hillard is entitled to some

5

leeway to argue the defendant officers and witness officers are covering for each other. *See Galvan v. Nordberg*, No. 04 C 4003, 2006 WL 1343680, at *2-3 (N.D. Ill. May 10, 2006) (Shadur, J.) (denying similar motion because "evidence or argument of this type can go to the issue of the bias or motivation of witnesses"); *Saunders v. City of Chicago*, 320 F.Supp.2d 735, 740 (N.D. Ill. 2004) (Bucklo, J.) (denying similar motion as overbroad). The motion is denied.

Defendants' third motion *in limine* asks the court to bar testimony or argument that the jury should "send a message" or punish the City of Chicago with its verdict. Hillard states that she will not make such an argument at trial. Pl. Resp. at 3. Accordingly, the motion is moot.

Defendants' fourth motion *in limine* seeks to prohibit Hillard's voir dire questions aimed at determining whether the venire believes a certain amount of money is reasonable for a given type of case. The motion is moot because the court, not counsel, shall conduct the voir dire questioning.

Defendants' fifth motion *in limine* seeks to bar any implication or testimony that Chicago police officers are paid by the City to appear in court and testify. Defendants contend that such evidence is irrelevant under Rule 401 and unfairly prejudicial under Rule 403. Hillard argues the fact that officers are compensated for time spent in court as a result of criminal charges brought by them is relevant to motive; *i.e.*, officers have a financial incentive to bring false charges against individuals. Defendants bear the burden of establishing that this evidence is inadmissible for any purpose; they offer only a conclusory statement without explanation or case law citations. The motion is denied.

Defendants' sixth motion *in limine* addresses several issues. First, defendants seek to bar Hillard from introducing evidence that the City may indemnify the defendant officers for

6

compensatory damages. Evidence of indemnification is generally irrelevant and inadmissible. *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998). Hillard contends, however, that there is an important exception – if defendants assert or imply a financial hardship or inability to pay damages, they open the door to indemnification evidence. *See id.* at 379-80 (by pleading severe financial strain, defendants opened the door to evidence of indemnification). If defendants open the door by introducing evidence that they are personally responsible for punitive damages, judges in this district generally permit plaintiffs to inform the jury that defendants will be indemnified for compensatory damages. *Delgado v. Mack*, No. 06 C 3757, 2008 WL 4367458, at * (N.D. Ill. Mar. 31, 2008) (Dow, J.); *Galvan*, 2006 WL 1343680, at *2; *Townsend v. Benya*, 287 F.Supp.2d 868, 874 (N.D. Ill. 2003) (Denlow, M.J.). The issue may be revisited at trial to the extent that defendants' finances may be considered in regard to punitive damages. In that event, a cautionary instruction may be given, informing the jury that defendants' finances are relevant to punitive damages only. *Townsend*, 287 F.Supp.2d at 874 (N.D. Ill. 2003).

The sixth motion *in limine* seeks to prohibit Hillard from referring to defendants' "multiple attorneys" or referring to defense counsel as "city lawyers" or "the city." Defendants argue these references will create an inference for the jury that the City of Chicago not only represents defendants, but that it will pay any judgment entered as well. Hillard states she has no intention of referring to defense counsel as "city lawyers." However, she contends that police officers' knowledge of free representation goes to their state of mind when they commit constitutional violations. Hillard maintains that if defense counsel argues the officers had no motive or reason to violate Hillard's rights, she should be able to rebut this argument with evidence that they bore no costs because the City of Chicago paid for their attorneys. Hillard's

7

argument is unpersuasive. Since Hillard fails to demonstrate that referring to defense counsel in terms other than ordinary courtroom vernacular serves a purpose relevant to the issues in this case, defendants' motion regarding characterizations of defense counsel is granted. *Walker v. Saenz*, No. 91 C 3669, 1992 WL 317188, at 4 (N.D. Ill. Oct. 27, 1992) (Williams, J.). Hillard may raise the issue at trial if outside the presence of the jury.

Defendants' seventh motion *in limine* asks the court to bar reference to any duty, failure to act, or standard of care other than those defined in the jury instructions. Defendants provide no further explanation or argument elaborating on this generalized and vague request. The motion is denied.

Defendants' eighth motion *in limine* seeks to bar reference to the finding of "no probable cause" made by the Circuit Court of Cook County at Hillard's preliminary hearing on May 2, 2007. Defendants argue the state court's finding amounts to inadmissible hearsay,[2] and its introduction will also confuse the jury and unfairly prejudice the defense. As to the hearsay issue, Hillard responds that the state court's finding "is not being elicited to prove the truth of the matter asserted, but simply to inform the jury of the outcome of the criminal case and allow them to give such evidence whatever weight they see fit under the circumstances." Pl. Resp. at 9. Some courts have found it appropriate to advise the jury of the disposition of a plaintiff's criminal charge in a false arrest case to prevent the jury from assuming the plaintiff was found guilty. *Saunders*, 320 F.Supp.2d at 739; *Townsend*, 287 F.Supp.2d at 874-75. Notifying the jury of the "no probable cause" finding is unnecessary to meet this purpose; Hillard may simply show

---

[2] Federal Rule of Evidence 803(22) excepts from the hearsay rule judgments of conviction, but not judgments of acquittal. A finding of no probable cause is more closely akin to an acquittal for hearsay purposes.

that the case was dismissed. There is no need to delve into the specifics of the state court disposition.

In addition, the "no probable cause" finding is irrelevant to the determination whether defendants had probable cause to arrest Hillard. As defendants note, there is no feasible way to determine what factors, outside of those known to the officers at the time of arrest, contributed to the state court's probable cause determination. The preliminary hearing served to determine whether there was probable cause to believe Hillard committed the offense charged. 725 ILCS 5/109-3. The focus was on whether there was sufficient evidence to prosecute, not on whether the officers had probable cause to make an arrest in the first place. Hillard's false arrest claim, however, turns on whether, at the time of arrest, the facts and circumstances within the arresting officers' knowledge was sufficient to warrant a prudent police officer to believe that Hillard had committed or was committing an offense. *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009). Moreover, introduction of the "no probable cause" finding risks a substantial prejudicial effect, as the jury may equate the state court's finding with a determination as to the propriety of the defendant officers' actions. Hillard insists the court can address this concern with a limiting instruction. However, the tenuous relevance of this evidence does not outweigh the risk that it will confuse and mislead the jury. Accordingly, the motion is granted as to the outcome of Hillard's probable cause hearing, but not as to evidence that the charge was dismissed. *Ochana v. Flores*, 347 F.3d 266, 272 (7th Cir. 2003) (district court did not abuse its discretion in granting motion *in limine* to bar the disposition of underlying criminal charges, because these were not facts within the officers' knowledge at the time of arrest).

9

Defendants' ninth motion *in limine* seeks to exclude any mention of punitive damages because Hillard has not developed during discovery evidence of an evil motive or callous indifference to Hillard's constitutional rights. Punitive damages are appropriate if defendants acted wantonly and willfully, or were motivated in their actions by ill will or a desire to injury. *Hagge v. Bauer*, 827 F.2d 101, 110 (7th Cir. 1987). Hillard alleges the defendant officers falsely arrested her "maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of [Hillard's] constitutional rights." Compl. ¶ 21. She may proffer evidence at trial that would support an award of punitive damages, especially if, as she contends, the officers lied to cover for each other. Defendants fail to provide a sufficient reason why the punitive damages issue should be curtailed before the trial has even begun. The motion is therefore denied.

ENTER:

*Suzanne R. Conlon*
Suzanne B. Conlon
United States District Judge

April 23, 2010